CLERK'S COPY

FILED
UNITED STATES DISTRICT COURT
...XICO

APR 5 1999

[signature]
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY RICHARD JARAMILLO,

    Plaintiff,

v.    No. CIV-98-1304 M/WWD

BERNALILLO COUNTY DETENTION CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appears pro se, and has filed a motion for leave to proceed in forma pauperis (Doc. #2). The motion will be granted, and, for the reasons below, Plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir.

1992).

According to the partial form complaint and the inmate grievance forms attached thereto, Plaintiff alleges that he was wrongly accused of causing damage to an electronic door lock at the detention facility. As a result, he was placed in lock-up for four days and his inmate account was "garnished" to pay for the damage. It thus appears that Plaintiff is asserting claims for violations of liberty and property without due process. The complaint does not specify the relief sought by Plaintiff, other than to "pursue justice to wrongful accusation to damage done at B.C.D.C."

No relief can be granted on Plaintiff's claims because the allegations in the complaint are legally insufficient. First, the four-day "lock-up" did not amount to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 484 (1995), and thus did not "invoke the procedural guarantees of the Due Process Clause." *Id. at 487*. Second, as to the alleged garnishment of his inmate account, Plaintiff concedes in the inmate grievance form that he was given a disciplinary hearing on the charges against him. Plaintiff's allegations do not support a claim for violation of the Due Process Clause, and amendment of the complaint would be futile. *Hall*, 935 F.2d at 1109. The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis (Doc. #2) filed October 19, 1998, is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint be DISMISSED with prejudice; and an order of dismissal shall be entered in accordance with this opinion;

_____
UNITED STATES DISTRICT JUDGE